IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR00639-001 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTON WOODLEY, | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| Defendant. | ) | |

    Now comes Defendant Anton Woodley, by and through his undersigned counsel Marisa L. Serrat, and respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. Mr. Woodley respectfully requests this Honorable Court to consider his difficult childhood, youthfulness at the time of the offense, acceptance of responsibility, lack of any prior sentence of imprisonment, and sincere remorse when imposing a reasonable sentence. Mr. Woodley respectfully requests this Honorable Court to impose a 2-level downward variance pursuant to § 3553(a) given his youthful age at the time of the offense and determine that a criminal history category of one (I) more accurately reflects his criminal history at the time of the offense. Mr. Woodley respectfully requests this Court to impose a sentence consistent with the JSIN sentencing data for an offense level of twenty-six (26) and criminal history category of one (I), between 54 and 57 months imprisonment. A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

                                                Respectfully Submitted,

                                                s/ Marisa L. Serrat
                                                **JAIME P. SERRAT LLC**
                                                Marisa L. Serrat, (#0088840)
                                                Attorney for the Defendant

## MEMORANDUM IN SUPPORT

### I. PROCEDURAL BACKGROUND.

On December 6, 2023, Anton Woodley, along with his older brother Cashaun Woodley and Lavontay Johnson were named in a 2-count Indictment filed in the Northern District of Ohio. On April 1, 2025, Mr. Woodley plead guilty to Count 1 of the Indictment pursuant to a written Rule 11(c)(1)(A) plea agreement. Count 1 charged the offense of Carjacking on December 12, 2021, in violation of 18 U.S.C. § 2119(1). Upon sentencing, the government will move to dismiss Count 2. Under the terms of the plea agreement, each party is free to recommend whatever sentence it believes to be appropriate.

Mr. Woodley was detained from the date of his arraignment on December 20, 2023 until his release from custody on February 16, 2024. He has also been held in federal custody since April 1, 2025. Mr. Woodley has served approximately five (5) months in pretrial detention and respectfully requests credit for the time he has served.

### II. GUIDELINE DETERMINATION.

The parties agreed that Mr. Woodley's base offense level was twenty (20) pursuant to USSG §2B3.1(a). The parties further agreed to the application of three enhancements, making his adjusted offense level thirty-one (31). That offense level is reduced by 3-levels because Mr. Woodley timely accepted responsibility for his actions and plead guilty. His adjusted base offense level is twenty-eight (28), which is consistent with the parties written plea agreement.

Mr. Woodley received one (1) criminal history point for an April 23, 2021 offense of possessing cocaine and improperly handling a firearm in a motor vehicle when he was eighteen (18) years old. Mr. Woodley was sentenced to community control. Mr. Woodley received one (1) additional criminal history point for the misdemeanor offense of theft on September 19, 2024, of

2

which he received a sentence of six (6) months' probation. As a result, Mr. Woodley has two (2) criminal history points, corresponding to a criminal history category of two (II).

Based upon a total offense level of twenty-eight (28) and a criminal history category of two (II) the guideline imprisonment range in Mr. Woodley's presentence report is 87 to 108 months imprisonment. (PSR, R. 125, PID 667). The parties have no agreement about the criminal history category to be used in this case in the written plea agreement.

## II. DOWNWARD VARIANCE PURSUANT TO §3553(A) GIVEN THE DEFENDANT'S YOUTHFULNESS AT THE TIME OF THE OFFENSE.

Mr. Woodley was only eighteen (18) years old at the time he committed this instant offense. In the presentence report, U.S. Probation stated: "The probation officer has identified the following as potential grounds for a departure from the applicable sentencing guideline provisions: USSG §5H1.1: Age (Youthful Individuals)." (PSR, R. 125, PID 671). In September 2023, the Sentencing Commission conducted an examination of the treatment of youthful offenders as one of its policy priorities for 2024.[1] Research has shown that brain development continues until the mid-20s on average, potentially contributing to impulsive actions and reward-seeking behavior.[2] The new amendment states that youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

Mr. Woodley respectfully requests this Honorable Court to consider his youthful age at the time of the offense, combined with the lack of any prior term of imprisonment or prior involvement

---

[1] U.S. Sent'g Comm'n, "Notice of Final Priorities," 88 FR 60536 (Sept. 1, 2023).
[2] *See, e.g.*, U.S. SENT'G COMM'N, YOUTHFUL OFFENDERS IN THE FEDERAL SYSTEM 6–7 (2017); Daniel Romer et al., *Beyond Stereotypes of Adolescent Risk Taking: Placing the Adolescent Brain in Developmental Context,* 27 DEVELOPMENTAL COGNITIVE NEUROSCIENCE 19 (2017); Laurence Steinberg & Grace Icenogle, *Using Developmental Science to Distinguish Adolescents and Adults Under the Law*, 1 ANN. REV. DEVELOPMENTAL PSYCH. 21 (2019).

in similar acts when evaluating the §3553(a) factors and the need to impose a sentence that is sufficient, but not greater than necessary to achieve the statutory goals of sentencing. Mr. Woodley was more susceptible to outside influence due to his age and his actions of not committing a similar offense before or after this incident further shows he is more amenable to rehabilitation.

With a 2-level downward variance, Mr. Woodley's offense level would be twenty-six (26), criminal history category of two (II), corresponding to a guideline range of 63 to 78 months. This range of five to six and a half years imprisonment still renders a very significant penalty for his conduct here, while also taking into account his youthful age at the time of the offense.

### III. OVERSTATEMENT OF CRIMINAL HISTORY.

The defense respectfully requests this Court to find that a criminal history category of one (I) more accurately represents Mr. Woodley's criminal history category at the time of his offense. In accordance with USSG § 1B1.1., a sentencing judge is "entitled to rely on 'any ... policy statement[ ] or commentary in the guidelines that might warrant consideration in imposing sentence." A criminal history category of two (II) over-represents the seriousness of Mr. Woodley's criminal history given the nature of his prior youthful convictions that resulted in minor sanctions of community control, combined with the history and characteristics of the defendant pursuant to § 3553(a) factors argued herein. He has no history of committing a similar offense in the past. During the two (2) years between the underlying offense and the defendant's arrest, he did not commit any other offenses of similar nature. He is facing a very serious sentence for his conduct in this case and has indicated that he will never engage in conduct like this ever again. Based upon the foregoing, the defense respectfully requests this Honorable Court to use a criminal history category of one (I) at sentencing.

**IV. THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT.**

The presentence report states that in accordance with 18 U.S.C. § 3553(a)(6), the Court should consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The U.S. Sentencing Commission compiles and publishes Judiciary Sentencing Information ("JSIN") data during the last five fiscal years (2020 - 2024).[3]

For Defendants whose primary guideline was USSG §2B3.1 the average sentences imposed nationwide during the last five (5) years were:

| Offense Level | Criminal History | Average Length | Median Length | Guideline |
| --- | --- | --- | --- | --- |
| 26 | One (I) | 54 months | 57 months | 63 to 78 months |
| 26 | Two (II) | 71 months | 72 months | 70 to 87 months |
| 28 | One (I) | 72 months | 72 months | 78 to 97 months |

The defense argues that the JSIN data for similarly situated defendants with similar offense levels and criminal history categories further supports the defendant's request for a sentence below his guideline range in the presentence report.

**III. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.**

**A. LAW.**

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 USC 3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). 18 U.S.C 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence.

---

[3] Available at: https://jsin.ussc.gov

Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

### B. PERSONAL HISTORY AND CHARACTERISTICS.

Anton Davarius Woodley is currently twenty-two (22) years old, however, he was only eighteen (18) years old at the time of his offense. Mr. Woodley admitted to his conduct in this case and has expressed sincere remorse for his actions in his statement accepting responsibility.

> "I apologize for my involvement in this and the part that I played. I will never get involved with anything like this ever again. I never should have even been there that day. I am not the same person that I was back then. When working with the counselors at CATS, I have learned new life/coping skills that helps me identify high/low risk situations and people. I was following the wrong people and was

6

> using irrational thinking back then as a teenager. I hope you can see that the person I am today is not the same person I was back then and before I went to CATS. I know how to use my new thinking skills when it comes to accepting constructive criticism and turning it into positive core beliefs. I know that I cannot keep doing the same things and expecting change. That is why I am trying to show that I have changed. I know that I have messed up, but I can guarantee I will never be in a situation like that ever again. I want to be a better version of myself and I am ready to be the best version of myself. I sincerely apologize to [N.R.] for what he went through that night. I hope someday he can forgive me."

(PSR, R. 125, PID 655-6).

Mr. Woodley has been treated for mental health conditions in the past and believes that he would benefit from mental health treatment and services. (PSR, R. 125, PID 663). Mr. Woodley's brother reported that he believes that Mr. Woodley has undiagnosed mental health issues. *Id*. at ¶ 73. While in residential treatment at CATS from October 7, 2024 to November 6, 2024 for his cannabis use disorder, Mr. Woodley received individual counseling, group counseling, and drug testing. Upon Woodley's successful discharge, he began outpatient treatment. Mr. Woodley's brother believes that he was excessively using marijuana to self-medicate. Mr. Woodley came before the Court and admitted to using marijuana on bond and did request treatment, which shows his desire to improve his actions. Mr. Woodley believes that his time at CATS was very beneficial and would like to continue substance abuse treatment, as well as, mental health treatment. He requests the Court recommend participation in the residential drug treatment program while incarcerated.

Mr. Woodley experienced a difficult childhood as documented in his presentence report. *Id*. at PID 661-2. The family resided in a neighborhood that was plagued with crime, violence, and drugs. He has not had any contact with his father since he was 13 years old. Due to the issues within his neighborhood and at school, Mr. Woodley spent a lot of time in the house, which further contributed to his drug use and isolation. Mr. Woodley would like to move out of state upon his

release from custody. He believes that it will be very beneficial for him to start over in a new place around new people. His brother who lives in Florida indicated to US probation that he would allow Mr. Woodley to reside with him and his family in Florida upon release. *Id*. at ¶66.

While incarcerated in pretrial detention, Mr. Woodley successfully obtained his GED on February 1, 2024. Mr. Woodley would like to continue his education and was taking classes at Cuyahoga Community College until he was taken into custody. While incarcerated, he would like to earn his associates degree in engineering and become a pastor. Mr. Woodley is a young man who does not have much work experience but he hopes to continue his education and learn various skills while incarcerated to assist him with becoming gainfully employed so he can support himself after his release from custody.

Based upon the foregoing, Mr. Woodley respectfully requests this Honorable Court to give due consideration to all of his mitigating factors when imposing a reasonable sentence.

## IV.   CONCLUSION.

Anton Woodley respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully Submitted,

s/ Marisa L. Serrat
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#0088840)
Attorney for the Defendant
55 Public Square, Suite 2100
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marisa L. Serrat
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#0088840)
Attorney for the Defendant
